**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Michael Trebilcock,** ) | **CASE NO. 1:05 CV 2428** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **Gregory Elinsky, et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 11). This case involves a dispute over control of a limited liability company and closely held corporation. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

## FACTS

Plaintiff, Michael Trebilcock, filed this lawsuit against defendants, Greg and Michael Elinsky. For purposes of ruling on defendants' motion, the facts asserted in the complaint are presumed true.

1

In late 2000 or early 2001, plaintiff was employed by MCSi, Inc., a computer and electronic technology company. In February of 2002, plaintiff learned that MCSi was interested in divesting itself of certain business assets. Defendants expressed an interest in joining plaintiff in purchasing a portion of these assets. The following month, plaintiff formed Sagebrush International Group, Inc. ("Sagebrush") as a holding company designed to acquire the assets of MCSi. Initially, plaintiff and defendant Greg Elinksky each contributed $1 million of capital to Sagebrush, while defendant Mike Elinsky contributed $100,000. Shortly thereafter, plaintiff contributed an additional $633,000. According to the complaint, the parties intended that their ownership interests in Sagebrush would be in proportion to their capital contributions.

At approximately the same time the parties formed Sagebrush, MCPc, Inc. was also formed. MCPc is an Ohio corporation. MCPc acquired the assets of MCSi and began operating as a technology provider. All of the documents memorializing the asset purchase indicate that plaintiff would manage and control MCPc. Sagebrush owns the majority shares of MCPc. Other shareholders contributed approximately $1 million to obtain shares of MCPc.

At all times since the formation of MCPc, plaintiff has acted as chairman of the board of directors and chief executive officer of the company. Defendant Mike Elinksy acted as chief financial officer until approximately December of 2002. Defendant Greg Elinksy never held an executive or elected position with MCPc, but was involved in informal planning and sales activities.

In late 2002, the parties began discussing their ownership interests in Sagebrush. On March 20, 2003, the parties entered into an agreement entitled the "Sagebrush Investor Term Sheet." Pursuant to the agreement, plaintiff "bought out" Mike Elinsky's entire ownership

2

interest and a portion of the interest held by Greg Elinsky. As a result, plaintiff owns 73.797% percent of Sagebrush and Greg Elinsky holds the remaining 26.203%. In addition, plaintiff agreed to elect Greg Elinksy to a seat on MCPc's board of directors.[1] Soon thereafter, plaintiff and Greg Elinsky modified the Sagebrush Investor Term Sheet to clarify the terms of the buy-out. According to the complaint, plaintiff tendered the last payment due to Greg Elinsky. Elinsky claimed he never received the check, at which point it was reissued by plaintiff. Elinsky refused to accept the funds.

Plaintiff alleges that Greg Elinksy has wrongfully attempted to interfere with the day to day operations of MCPc. He has further misrepresented himself to third parties as a "corporate officer and owner" of MCPc. Plaintiff contends that Elinsky contacted MCPc human resources personnel and instructed them not to take directions from plaintiff. In addition, the complaint states that defendants contend that they are owed payments in excess of those set forth in the Sagebrush Investor Term Sheet. As a result of these and other disputes, plaintiff filed this lawsuit asserting three causes of action. Count one seeks a declaratory judgment. Count two alleges defamation and count three is a claim for tortious interference with business relations.

Defendants move to dismiss the complaint for lack of jurisdiction or, alternatively, failure to state a claim for which relief may be granted. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

**Rule 12(b)(1)**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of

---

[1] Sagebrush is the controlling shareholder of MCPc.

3

proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986).  This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*.  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*.  Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*.  In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)).  Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

When presented with a facial attack, the non-moving party "can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248.  Thus, such a motion will be granted only if, taking as true all facts alleged in the complaint, the Court is without subject matter jurisdiction to hear the claim. *Matteson v. Ohio State University*, 2000 WL 1456988 *3 (S.D. Ohio Sept. 27, 2000).

**Rule 12(b)(6)**

When considering a motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of plaintiffs. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687,

4

691 (6th Cir. 1999).  The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. November 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**DISCUSSION**

1.  Standing

Defendants argue that plaintiff lacks standing to pursue claims on behalf of MCPc.  For example, defendants point out that plaintiff seeks an order from this Court precluding defendants from "participating in the business and management of MCPc and [enjoining defendants] from communicating with MCPc's board of directors and shareholders and from interfering with the

5

management of MCPc." Defendants claim that MCPc, not plaintiff, is the proper party to enforce these rights. In the alternative, defendants argue that MCPc is a necessary party whose joinder is required. Because plaintiff did not include MCPc as a plaintiff in this action, dismissal is appropriate.

Plaintiff responds that he is not seeking to enforce the rights of MCPc. Rather, according to plaintiff, the heart of this dispute centers around enforcement of the Sagebrush Investor Term Sheet.

In order to satisfy Article III's standing requirement, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). "An action to redress injuries to a corporation...cannot be maintained by a stockholder in his own name.... The general rule is applicable in cases where the individual is the sole shareholder." *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 603 (6th Cir. 1988)(quotations and citations omitted). An exception to this rule exists, however, if the shareholder can show "an injury separate and distinct from the damage or injury suffered by other shareholders or the corporation as an entity." *Quarles v. City of East Cleveland*, unreported, 202 F.3d 269, \*\*3 (6th Cir. Dec. 20, 1999)(citations and quotations omitted)).

In count one, plaintiff seeks a declaratory judgment with regard to various aspects of the parties' relationships. In paragraph 33, plaintiff identifies the specific relief requested. Upon review, it is readily apparent that plaintiff lacks standing to pursue a portion of this relief. For example, plaintiff alleges that he is entitled to a declaration that:

- All actions taken by Sagebrush as a shareholder of MCPc by or at the direction of [plaintiff] have been proper (Compl. at 33C);

6

- Neither Greg Elinksy nor any entity controlled by Greg Elinsky has any direct equity interest in MCPc (Compl. at 33F);

- Greg Elinsky has no right to participate in the business or management of MCPc, Inc. except in his capacity as director of MCPc and subject to the fiduciary obligations to MCPc and its shareholders (Compl. at 33G);

- Mike Elinksy has no right to participate in the business or management of MCPc (Compl. at 33K);

These requests seek relief directly flowing to MCPc.  The propriety of actions taken by MCPc's shareholders and the rights of certain individuals to participate in the management of the corporation are injuries which may be redressed only by the entity itself.  Plaintiff has not alleged any injury separate and apart from that suffered by MCPc or its shareholders as a result of the alleged managerial interference by defendants.  As such, plaintiff lacks standing to obtain this relief on his own behalf and this Court lacks jurisdiction over these requests.[2]

On the other hand, the remaining relief sought in count one is directed at the rights and obligations of the parties pursuant to the Sagebrush Investor Term Sheet.  Plaintiff himself is a signatory to that agreement and, as such, the rights sought to be defined are those belonging to plaintiff, not MCPc.  Thus, with the exception of the paragraphs expressly identified in this Order, plaintiff has standing to obtain the relief sought in count one.

Defendants also argue that count two must be dismissed for lack of standing.  According to defendants, MCPc, not plaintiff is the proper party to assert this claim.  Plaintiff claims that he has standing to recover for defendants' defamatory statements.

Upon review, the Court finds that plaintiff has standing to pursue only a portion of his

---

[2] In addition, plaintiff lacks standing to obtain the relief sought in the portions of Paragraphs 33J and 33L directed at MPCc.

defamation claim. Among other things, plaintiff alleges that defendants improperly "contended" that plaintiff has "unlawfully 'frozen out' defendants from management of Sagebrush, that [plaintiff] fraudulently induced [defendants] to invest in Sagebrush, and that the parties intended to own Sagebrush as 'equal partners.'" To the extent plaintiff has stated a claim for defamation[3], plaintiff has standing to pursue redress on his own behalf.  These allegations call into question plaintiff's credibility and reputation, not those of MCPc.  Because plaintiff seeks redress for his own injury, plaintiff has standing to assert this portion of count two.

The Court finds that plaintiff lacks standing to recover for any alleged harm suffered as a result of the publication of the remaining "statements" identified in count two.  In Paragraph 35, plaintiff alleges that defendants "threatened board members of MCPc with the possibility of being named as defendants in a lawsuit...."  In addition, plaintiff alleges that defendants improperly sent a demand letter to MCPc shareholders not involved in the dispute between plaintiff and defendants.  The complaint, however, does not identify the contents of either the threat or the letter.  Based solely on the complaint, the Court finds that plaintiff fails to identify any actionable defamation based on these two "statements" for which he would have standing to recover.  Neither statement is directed at plaintiff in any fashion.[4]

---

[3] The Court will address below whether plaintiff stated a claim for defamation.

[4] The Court is not convinced that plaintiff has properly alleged a claim for defamation in any event.  Neither statement appears to be defamatory. For example, plaintiff alleges that defendants threatened board members of MCPc with a lawsuit.  It does not appear from the complaint that plaintiff is alleging that this statement is false, i.e., defendants did not threaten the board members with a lawsuit.  Rather, it appears that plaintiff is alleging that defendants *improperly* threatened the board of MCPc.

8

Count three asserts a claim for tortious interference with business relations. Once again, defendants argue that plaintiff lacks standing to assert this claim on his own behalf. Upon review, the Court agrees. In count three, plaintiff alleges that defendants are claiming a right to the day-to-day management of MCPc and are misrepresenting themselves as owners or officers of that company. As a result, third parties have not entered into business relationships with "[plaintiff] and/or MCPc and... [plaintiff], as the majority equity owner...of MCPc" has suffered damages. On the face of the complaint, plaintiff is alleging wrong suffered by MCPc, i.e. defendants' alleged interference with the operations of the entity. Although plaintiff claims to suffer damages due to his status as shareholder, such an injury is not considered "separate and distinct" for purposes of establishing standing. Rather, as set forth above, plaintiff must allege an injury separate and distinct from that suffered by the entity itself or other shareholders. Plaintiff's complaint fails to satisfy this standard. As such, plaintiff lacks standing to pursue the relief sought in count three.[5]

2. Defamation

In addition to asserting lack of standing, defendants argue that count two fails to state a claim for which relief may be granted. Having addressed defendants' standing argument, the sole remaining "statement" at issue is contained in paragraph 35 of the complaint. That provision alleges as follows,

> [Defendants] have contended, among other things, that [plaintiff] has unlawfully 'frozen

---

Plaintiff, however, fails to identify the content of the threat, which, presumably, would be the allegedly defamatory statement.

[5]  Defendants also claim that count three fails to state a claim. The Court, however, need not reach defendants' alternative argument.

9

out' [defendants] from management of Sagebrush and MCPc, that [plaintiff] fraudulently induced [defendants] to invest in Sagebrush, and that the parties intended to own Sagebrush as equal 'partners.'

According to defendants, this statement cannot be construed as a false statement of fact. Rather, the statement simply conveys defendants' "contentions" with regard to the lawsuit. Alternatively, defendants claim that the statements are true. In addition, defendants argue that, to the extent the statement is defamatory, a qualified privilege exists. Defendants further claim that plaintiff's claim for defamation fails because he does not allege "special harm."

In response, plaintiff argues that he has satisfied notice pleading standards. According to plaintiff, the complaint alleges that defendants falsely told others that plaintiff engaged in fraud. Plaintiff also argues that this Court cannot determine the truth of a statement at the pleading stage. Moreover, according to plaintiff, the Court cannot determine whether a privilege exists this early in the litigation. Plaintiff further argues that he adequately alleges that he suffered damage as a result of the defamation.

Under Ohio law, defamation is "a false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business." *Sweitzer v. Outlet Communications, Inc.*, 726 N.E.2d 1084, 1088 (Ohio App. 10th Dist. 1999). The elements of a defamation claim have been set forth as:

> (a) a false and defamatory statement concerning another;
> (b) an unprivileged publication to a third party;
> (c) fault amounting at least to negligence on the part of the publisher; and
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 611 N.E.2d 955, 962 (Ohio App. 9th Dist. 1992).

10

A statement of opinion cannot provide the basis for a claim of defamation. *See Scott v. News-Herald*, 496 N.E.2d 699, 705 (Ohio 1986) ("Expressions of opinion are generally accorded absolute immunity from liability under the First Amendment."). The Ohio Supreme Court has held that the Ohio Constitution requires "a *categorical* determination of whether, under the totality of the circumstances, an ordinary reader of the allegedly defamatory statements would deem them to be statements of fact or opinion." *Wampler v. Higgins*, 752 N.E.2d 962, 971 (Ohio 2001). Whether a statement constitutes opinion or fact is a question of law that involves at least four factors: (1) the specific language used; (2) whether the statement is verifiable; (3) the general context of the statement; and (4) the broader context in which the statement appeared. *Vail v. Plain Dealer Publishing Co.*, 649 N.E.2d 182 (Ohio 1995), *syllabus*.

Upon review, the Court finds that plaintiff fails to state a claim for defamation because the complaint alleges an opinion as opposed to a fact. According to the complaint, defendants "contended" to others that plaintiff engaged in wrongdoing. Although technical, the Court finds that the use of the word "contended" renders the statement an opinion. "To contend," by definition, means to put forth an opinion. Plaintiff argues that the phrases following the word "contend" are subject to verification. For example, whether plaintiff unlawfully 'froze out' defendants from the management of Sagebrush and MCPc' may be subject to verification. By inserting the words "defendants contend" in front of these statements, however, plaintiff transformed what may otherwise constitute actionable defamation into a mere opinion.[6]

---

[6] Again, it may be possible for the statement to be false, i.e., if defendants never made such a contention. It is clear, however, from the context of the complaint that plaintiff is not alleging as such.

11

Accordingly, the Court finds that plaintiff fails to state a claim for defamation for which relief may be granted.

       3.      Leave to Amend

In his brief in opposition, plaintiff requests leave to amend his complaint in the event any of the claims are dismissed. This Court set a pleading amendment deadline of June 1, 2006. Accordingly, plaintiff may amend his complaint up and until this date.

**CONCLUSION**

For the foregoing reasons, defendants' motion is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

                     /s/ Patricia A. Gaughan  
                     PATRICIA A. GAUGHAN  
                     United States District Judge

Dated: 2/21/06