UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Trebilcock, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:05-cv-2428 |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael Elinsky, and | ) | |
| | ) | |
| Defendant, | ) | |
| Gregory Elinsky, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| Defendant/Third | ) | |
| Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MCPc, Inc, and | ) | |
| David W. Hilderbrandt, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Third Party | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Third Party Defendant MCPc's Motion to Dismiss (Doc. 28) and Defendant/Third Party Plaintiff Gregory Elinsky's Cross-Motion for Leave to

1

Amend His Third Party Complaint[1] (Doc. 44). MCPc, Inc. ("MCPc") is a corporation involved in a dispute between Gregory Elinsky and Plaintiff Michael Trebilcock. For the reasons that follow, MCPc's Motion is GRANTED in Part and DENIED in Part and Gregory Elinsky's Motion is GRANTED in Part and DENIED in Part.

**BACKGROUND**

Plaintiff Michael Trebilcock's amended complaint alleges Counts of declaratory judgment and defamation against defendants Gregory Elinsky and Michael Elinsky. Defendant Gregory Elinsky ("Elinsky") filed counterclaims against Plaintiff and a third party complaint against MCPc and David Hildebrandt, the General Counsel of MCPc. At issue here are the claims against MCPc. MCPc has filed a Motion to Dismiss. (Doc. 28). Elinsky responded with a Cross-Motion for Leave to Amend. (Doc. 44). MCPc's main response to Elinsky's motion is that the amendments would be futile. Because futility is governed by the same standard as a motion to dismiss, the Court will consider Elinsky's claims as amended.

One of Elinsky's claims is for breach of contract. Elinsky alleges that he is Vice Chairman of the Board of Directors of MCPc. (¶ 1). Around June of 2004, Trebilcock told Elinsky that MCPc would provide health and life insurance for Elinsky and his family in consideration for his increased responsibilities and as long as he remained a Director of MCPc. (¶ 94). The agreement was not contingent upon Elinsky's eligibility to participate in MCPc's

---

[1] Defendant Gregory Elinsky has captioned his claims against MCPc as counterclaims. However, MCPc is a third party defendant, Gregory Elinsky is a third party plaintiff, and his claims against MCPc are properly treated as a third party complaint. MCPc has not objected to the error and the Court will treat the claims as if they were properly captioned.

group plan. (¶ 95). Nonetheless, MCPc enrolled Elinsky in the group plan. (¶ 96). On May 26, 2005, MCPc's Human Resources Director informed Elinsky that he no longer qualified for the group plan and that his last day of eligibility for benefits would be June 30. (¶ 97). MCPc has since failed to provide Elinsky with the promised benefits or to reimburse Elinsky for his costs in procuring similar benefits. (¶¶ 98-99). Accordingly, Elinsky alleges that MCPc has breached its agreement and that he has been damaged by the breach. (¶¶ 100-101).

Elinsky also seeks an injunction prohibiting MCPc from interfering with his email communications with MCPc directors and employees. The following allegations of the proposed amended third party complaint are relevant to Elinsky's injunction claim. MCPc's outside counsel advised the Board of Directors that they "have broad rights to information" at a March 16, 2005 board meeting. (¶ 103). A Special Directors' Meeting regarding certain loan documents was scheduled for September 9, 2005, with two days notice. (¶ 104). The third party complaint continues as follows:

> Prior to the September 9 meeting, Greg Elinsky requested, via email, that the meeting be postponed until such time as he received certain information from MCPc so that he could make an informed decision as to his vote on the Sixth Amendment. This email was addressed to Trebilcock and Hildebrandt, and carbon copied to the three other Board members. Elinsky's email address is not an address that was issued by, or belongs to, MCPc.

(¶ 105). Elinsky did not receive the requested information or a response to his request to postpone the meeting. (¶ 106).

Elinsky learned at the Special Directors meeting that the officers and other directors did not receive his email and that MCPc had intercepted and blocked all of Elinsky's email communications with MCPc's board members, officers, employees, and shareholders. (¶ 107). In a September 14, 2005 letter, Elinsky demanded that MCPc stop interfering with his ability to

3

discharge his duties as director by intercepting and blocking his emails. (¶ 108). MCPc has not complied with this demand and has thus interfered with his ability to discharge his fiduciary duties as a Director and Vice Chairman of the company. (¶¶ 109-110). Elinsky seeks an injunction "requiring [third party] defendant, MCPc, Inc., to cease and desist from interfering with Greg Elinsky's ability to discharge his fiduciary duties as a director of the company by intercepting and blocking his electronic communications to MCPc's board members, officers, employees, and shareholders."

## **STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). A claim is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Dismissal is proper if the

4

complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. Pro. 15(a); *see also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). In determining whether to grant leave to amend, the Court may consider several factors. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Id*. To deny a motion for leave to amend, a district court cannot base its decision on delay alone. *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999). A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir.1986)).

## **DISCUSSION**

The Court will first address Elinsky's breach of contract claim. MCPc contends that Elinsky's claim is barred by MCPc's Code of Regulations, which is cited at paragraph 23 of the proposed amended third party complaint. The Code of Regulations provides the following with respect to director compensation:

> Section 11. <u>Compensation</u>. The directors, as such, shall be entitled to receive such reasonable compensation for their services as may be fixed from time to time by resolution of the board . . . . Nothing herein contained shall be construed to preclude any director from serving the Corporation in any other capacity and receiving compensation therefor. Members of the executive committee or of any standing or special committee may by resolution of the board

5

>be allowed such compensation for their services as the board may deem reasonable, and additional compensation may be allowed to directors for special services rendered.

MCPc Code of Regs., Art. II, Section 11.

MCPc notes that Elinsky alleges that the benefits were promised by Trebilcock alone, and thus were not approved by resolution of the board.  Elinsky does not dispute that Section 11 requires his benefits to be approved by the board.  Instead, he argues that he is excused from complying with the Code of Regulations because they were withheld from him.  (¶ 23).  Elinsky has not cited any authority in support of this proposition.  Rather, directors are presumed to have actual knowledge of the corporation's regulations and the presumption cannot be rebutted by evidence of a lack of actual knowledge.  8 Fletcher Cyclopedia of Private Corp. § 4196; *see also Kimball v. Kimball Bros.*, 56 N.E.2d 60, 62-63 (Ohio 1944) (holding that directors are presumed to know the time and place of the annual meeting as set in the corporate bylaws).  Finally, Elinsky's lack of knowledge could not save his claim in any event.  The Ohio default rule (absent provisions to the contrary in the corporate regulations) also places authority to establish director compensation with the board of directors.  R.C. § 1701.60(A)(3).

Accordingly, MCPc's Motion to Dismiss Elinsky's breach of contract claim is granted and his cross-motion to amend the breach of contract claim is denied as futile.[2]

---

[2] The Court disagrees, however, with MCPc's contention that Elinsky's breach of contract claim is barred by the statute of frauds.  The statute of frauds does not apply when a contract is capable of performance within one year. *Sherman v. Haines*, 652 N.E.2d 698, 700 (Ohio 1995).  Elinsky's term as director could conclude naturally within one year if a successor is elected and qualified or even earlier by "resignation, removal from office or death."

6

The Court will next address Elinsky's claim for injunctive relief. Although there is little Ohio law in this area, it is nonetheless clear that directors do in fact "have broad rights to information." While a number of jurisdictions have statutes governing a director's right to information,[3] in the vast majority of jurisdictions the right is governed by case law.[4]  5A Fletcher Cyclopedia of Private Corp. § 2235; *Chappel v. Applied Control Sys. Inc.*, 39 Pa. D. & C. 4th 168, 174 (1998).

"The directors, as trustees for the shareholders, are entitled to full and complete information as to the corporation's affairs."  5A Fletcher Cyclopedia of Private Corp. § 2235; *Tennessee ex rel. Oliver v. Soc'y for the Pres. of the Book of Common Prayer*, 693 S.W.2d 340, 343 (Tenn. 1985).  Courts generally refer to the director's right to information as "absolute."  5A Fletcher Cyclopedia of Private Corp. § 2235; *Bushnell v. Vis Corp.*, No. C-95-04256 MHP, 1996

---

[3]   *E.g.,* 8 Del. C. § 220(d); Cal. Corp. Code §1602.

[4]   Like most states, Ohio has a statute governing a shareholder's right to information:

> Any shareholder of the corporation, upon written demand stating the specific purpose thereof, shall have the right to examine in person or by agent or attorney at any reasonable time and for any reasonable and proper purpose, the articles of the corporation, its regulations, its books and records of account, minutes, and records of shareholders aforesaid, and voting trust agreements, if any, on file with the corporation, and to make copies or extracts thereof.

R.C. § 1701.37(C).  This statute is only relevant insofar as a director's right to information is much broader than a shareholder's.  *Chappel*, 39 Pa. D. & C. 4th at 174; *Belloise v. Health Mgmt., Inc.*, C.A. No. 14955, 1996 Del. Ch. LEXIS 127, *33 (June 11, 1996).

U.S. Dist. LEXIS 22572, *20 (N.D. Cal. Aug. 30, 1996).  In any event, a director is clearly entitled to such information as is necessary to exercise the judgment required to discharge the director's fiduciary duty.  *See* 5A Fletcher Cyclopedia of Private Corp. § 2235 ("A director's right of inspection is not merely a right, but a duty."); *see also Henshaw v. American Cement Corp.*, 252 A.2d 125, 128-29 (Del. Ch. 1969) (explaining that a director's information rights are "correlative with his duty to protect and preserve the corporation").  In this regard, Ohio entitles a director to rely on the following information in making decisions:

> In performing a director's duties, a director is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, that are prepared or presented by any of the following:
>
> (1) *One or more directors, officers, or employees of the corporation who the director reasonably believes are reliable and competent in the matters prepared or presented*;
>
> (2) Counsel, public accountants, or other persons as to matters that the director reasonably believes are within the person's professional or expert competence;
>
> (3) A committee of the directors upon which the director does not serve, duly established in accordance with a provision of the articles or the regulations, as to matters within its designated authority, which committee the director reasonably believes to merit confidence.

R.C. § 1701.59(B) (emphasis added).

In some jurisdictions, the director's right to such information is truly absolute.  *Delaware v. Sieberling Rubber Co.*, 168 A.2d 310, 311 (Del. Sup. 1961) (citing cases).  In other jurisdictions, the right can be limited but only upon proof from the company that the director will use the information to harm the company.  *Saline v. Superior Court of Orange County*, 100 Cal. App. 4th 909, 914 (2002); *Belloise v. Health Mgmt., Inc.*, C.A. No. 14955, 1996 Del. Ch. LEXIS

127, *33 (June 11, 1996).

MCPc has not challenged Elinsky's motives. Instead, it characterizes his claim as a generic request for unfettered access to MCPc's email system. MCPc argues that the director's right to information is not breached simply by limiting the director's access to a particular mode of communication. *See Haseotes v. Bentas*, C.A. No. 19155 NC, 2002 Del. Ch. LEXIS 106, *23 (2002) (explaining that a corporation can set reasonable conditions or limitations on the procedures for nonmanagement directors to obtain corporate information).

Although MCPc may be correct that Elinsky does not have a generic right to access its email system, they cannot intercept emails with impunity if doing so interferes with his ability to gather information necessary to discharge his duties as director. *Cf. id.* at *23-24 (dismissing a claim where there were no allegations that the plaintiff directors were actually deprived of information or hindered in performing their duties). Elinsky alleges that MCPc's blocking of his emails precluded him from gathering information and communicating with other directors and MCPc employees. Elinsky is entitled to rely on such information in discharging his fiduciary duty. *See* R.C. § 1701.59(B)(1). Because he has alleged that the blocking of his emails infringed upon his ability to exercise his information rights and discharge his fiduciary duty, he has stated a claim and dismissal is not warranted. Because the claim is not futile, and because no other basis for denying the motion to amend has been identified, Elinsky will be allowed to amend his claim for injunctive relief.

## **CONCLUSION**

MCPc's Motion is GRANTED in Part and DENIED in Part and Elinsky's Motion is GRANTED in Part and DENIED in Part. Elinsky's breach of contract claim against MCPc is

dismissed and leave to amend that claim is denied as futile.  However, Elinsky is permitted to amend his claim for injunctive relief against MCPc.

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated:  8/16/06